IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MELODY D. W.,

        Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

        Defendant.

Case No. 19-CV-10-FHM

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's April 8, 2015, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held August 22, 2017. By decision dated November 1, 2017, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 31, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 38 years old on the date of her application for benefits and 41 at the time of the ALJ's denial decision.  She has a high school education and has no past relevant work.  She claims to have been unable to work since May 1, 2008, as a result of peripheral vascular disease with stenting and femoral to femoral bypass, chronic obstructive pulmonary disease, depression and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform less than the full range of sedentary work to include occasionally lifting and carrying ten pounds and frequently lifting and carrying less than ten pounds, standing and walking a total of two hours in an eight-hour workday with no standing or walking more than fifteen minutes at a time with regular breaks.  The ALJ found that Plaintiff had some additional postural limitations and that she is limited to performing simple and routine tasks and some complex tasks allowing for semi-skilled work with superficial contact with co-workers and supervisors (similar to that of a grocery clerk), and only incidental contact with

the public. [R. 21]. Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the RFC is not supported by substantial evidence because the ALJ failed to order additional psychological consultative examination and testing, the ALJ's credibility findings are not supported by substantial evidence; and the case should be remanded for further proceedings because the decision was rendered by an ALJ whose appointment was invalid at the time he rendered the decision.[2]

## Analysis

### RFC Findings

Plaintiff asserts that the ALJ's RFC finding is not supported by substantial evidence because the ALJ decided the case without obtaining a comprehensive psychological examination and testing. Plaintiff asserts: "the case needs a finding of Plaintiff's Mental Residual Functional Capacity limitations set by a clinical psychologist." [Dkt. 13, p. 6].

The claimant is responsible for furnishing medical evidence of claimed impairments. *See* 20 C.F.R. §§ 404.1512(a), (c). The Tenth Circuit has stated it "disagree[d] with claimant's implicit argument that the agency, not the claimant, has the burden to provide

---

[2] Plaintiff also listed the following as an allegation of error, but did not brief the topic: "The Administrative Law Judge filed [sic] to follow or discredit vocational expert witness testimony in favor of the Plaintiff." [Dkt. 13, p. 5]. Arguments are waived where, as here, the Plaintiff fails to present a developed argument to the court. *Wall v. Astrue*, 561 F.3d 1048, 1066-1067 (10th Cir. 2009).

3

evidence of claimant's functional limitations." *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004). The Court observed that a recent Social Security final rule made clear that the agency's burden at step five does not include the burden to provide medical evidence in support of an RFC assessment, unless the ALJ's duty to further develop the record is triggered. *Id*. In addition, there is no requirement in the regulations or case law for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). "[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004)(following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5); *see also* 20 C.F.R. §§ 404.1546(c) and 416.946(c). The Tenth Circuit has thus "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Howard*, 379 F.3d at 949; *see, e.g* ., *Wall v. Astrue*, 561 F.3d 1048, 1068–69 (10th Cir. 2009)(upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); *Bernal v. Bowen*, 851 F.2d 297, 302–03 (10th Cir.1988) (holding ALJ properly made mental RFC findings without expert medical assistance).

The Commissioner has the duty to develop an adequate record relevant to the issues raised. However, an ALJ is normally entitled to rely on the claimant's counsel to structure and present the case. See *Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir. 1997). Plaintiff was represented by the same attorney at the hearing before the ALJ as on her appeal to this court. Plaintiff's counsel did not advise the ALJ that the record was

4

incomplete or make a request for additional testing. [R. 43-74]. The court finds that the Plaintiff has not demonstrated that the record was insufficient for the ALJ to make a determination in this case so as to trigger the duty for further development of the record.

Evaluation of Plaintiff's Alleged Symptoms[3]

An ALJ is required to evaluate the claimant's statements about the intensity, persistence, and limiting effects of alleged symptoms. Social Security Ruling (SSR) 16-3 (2017), 2017 WL 5180304, outlines the process ALJs are required to employ in evaluating such statements to fulfil the ALJ's obligations set out in the Commissioner's applicable regulations, 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). SSR 16-3p states that in evaluating a claimant's symptoms:

> it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent."

2017 WL 5180304 at *10. The SSR further states:

> The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

*Id.*

The record does not support Plaintiff's's contention that the ALJ failed to adequately explain his decision with respect to whether the severity of her subjective complaints are consistent with the medical record. Although the ALJ's decision contains some standard

---

[3] Plaintiff refers to this as a credibility evaluation, but the Commissioner has abandoned the use of the term credibility. *See* Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, effective March 26, 2016.

boilerplate language, the ALJ did not, as Plaintiff asserts, rely on boilerplate statements to explain his decision. The ALJ extensively and accurately compared Plaintiff's allegations to the medical record, her compliance with recommendations, her use and improvement on medication, the lack of restrictions endorsed by any physician, mild restrictions in pulmonary function testing, and normal findings on examinations. [R. 34-36].

The court finds that the ALJ's analysis conformed to the requirements set out in the regulations and the conclusions are supported by substantial evidence.

## Appointments Clause

Plaintiff argues that the case should be reversed because the ALJ who decided his case was not appointed in compliance with the Appointments Clause of the Constitution.[4] The Commissioner does not dispute that the ALJ was not constitutionally appointed[5] but argues that the court should not consider the argument because Plaintiff did not raise the issue during the administrative proceedings on his claim for benefits. To be clear, the Commissioner does not contend that Plaintiff failed to complete any of the steps in the administrative process. Rather, the Commissioner argues that Plaintiff failed to raise the particular issue during the administrative process.

The Appointments Clause issue has been raised in a number of recent cases in response to *Lucia v. S.E.C.*, – U.S. –, 138 S.Ct. 2044, 2055, 201 L.Ed.2d 464 (2018) which

---

[4] The Appointments Clause of the Constitution requires the President "to appoint Ambassadors, other public Ministers and Consuls, Judges of the Supreme Court, and all other Officers of the United States." U. S. Const. art. II ,§2, cl. 2. It further provides that "Congress may by Laws vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the heads of Departments." *Id*.

[5] For purposes of this brief, Defendant does not argue that SSA ALJs are employees rather than inferior officers. [Dkt. 23, p. 10-11].

held that the ALJs in the Securities and Exchange Commission (SEC) were not constitutionally appointed. The courts reviewing Social Security decisions where the Appointments Clause issue has been raised mostly find that the issue was forfeited because it was not raised before the Social Security Administration.[6] These cases rely on the general rule that before an issue can be raised on appeal to the courts, it must have first been raised before the administrative agency. They distinguish the result in *Lucia* based on language in that case that one who makes a "timely" challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief. 138 S.Ct. at 2055. These cases find that the Social Security claimant, having not presented the issue to the administrative agency, has failed to make a timely Appointments Clause challenge. The Commissioner's brief relies on similar arguments.[7]

A small number of cases rely on the Court's analysis in *Sims v. Apfel,* 550 U.S. 103, 105, 120 S.Ct. 2080, 147 L. Ed.2d 80 (2000) and conclude that the Appointments Clause issue was not forfeited.[8] In *Sims* the Supreme Court concluded that Social Security

---

[6] *Fortin v. Comn'r Soc. Sec.*, 2019 WL 1417161 (E.D. NC March 29, 2019)(rejecting magistrate judge's recommendation that court find no forfeiture occurred, finding that *Sims* left open the question of whether judicially created issue exhaustion at the ALJ level makes good sense; noting that Plaintiff in *Fortin* only brought up Appointments Clause issue in supplemental briefing after summary judgment), *Pearson v. Berryhill*, 2018 WL 6436092 (D. Kan. Dec. 7, 2018)(finding 42 U.S.C. § 406(g) contains nonwaivable and nonexcusable requirement that an individual must present a claim to the agency before raising it to the court and finding Plaintiff failed to raise Appointments Clause issue before agency rendered the challenge untimely), *Faulkner v. Commn'r Soc. Sec.*, 2018 WL 6059403 (W.D. Tenn. Nov. 19, 2018)(challenge under Appointments Clause is nonjurisdictional and may be forfeited; challenge forfeited where Plaintiff did nothing to identify challenge before agency and good cause was not shown for failure).

[7] The Commissioner also cites five regulations it contends supports requiring issue exhaustion. None of the regulations by their terms require issue exhaustion or notify claimants of an issue exhaustion requirement.

[8] *Kellett v. Berryhill*, 2019 WL 2339968 (E.D. Penn. June 3, 2019)(finding the Appointments Clause issue is an important issue that goes to the validity of SSA proceedings which should be heard even if not properly preserved before the ALJ; discussing *Sims* rationale applied to Appointments Clause issues and
(continued...)

claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues. In reaching this conclusion, the Court considered the following factors.[9] First, requirements to exhaust issues are largely creatures of statute and no statute requires issue exhaustion before the Social Security Administration. Second, while it is common for agency regulations to require issue exhaustion, Social Security regulations do not require issue exhaustion. Third, the reasons why courts generally impose issue exhaustion requirements do not apply to the non-adversarial process of the Social Security Administration. Fourth, the Social Security Administration does not notify claimants of an issue exhaustion requirement. *Sims*, 120 S.Ct. at 2084-86.

While *Sims* does not address issue exhaustion before the ALJ, the reasons cited by the Supreme Court to reject an issue exhaustion requirement before the Appeals Council also apply to the other steps in the Social Security Administration process. The statute still does not require issue exhaustion. In the 20 years since the *Sims* decision, the Social Security Administration has not enacted any regulation requiring issue exhaustion. The

---

[8] (...continued)
finding no forfeiture, and digesting cases), Ready *v. Berryhill*, 2019 WL 1934874 (E.D. .Penn. April 30, 2019)(finding no forfeiture and that it would have been futile for Plaintiff to raise the challenge at the agency level), *Probst v. Berryhill*, –F.Supp.3d – (E.D. NC 2019)(noting majority of courts have determined challenge is forfeited by failure to raise issue before agency, digesting cases; relying on *Sims* and nonadversarial nature of Social Security hearings, finding it would be manifestly unfair to find waiver), *Bizzare v. Berryhill*, 364 F.Supp.3d 418 (M.D. Penn. 2019)(acknowledging result breaks from emerging consensus, noting no statute, regulation or judicial decision indicates that Social Security claimants forfeit judicial review of constitutional claims not raised at the administrative level, finding no authority suggesting that ALJs could resolve constitutional challenges to their own appointment, and finding no forfeiture occurred). See also *Cirko ex rel, Cirko v. Comn'r Soc. Sec.*, 948 F.3d 148 (Third Cir. 2020)(exhaustion of Appointments Clause claim is not required in SSA context).

[9] The court also considered the limited space on the form used to request Appeals Council review and an estimate that it would take only ten minutes to complete the form.

Social Security Administrative process remains non-adversarial and claimants, many of whom are unrepresented, are still not notified of any issue exhaustion requirement. Finally, the undersigned notes that a ruling that *Sims* does not apply to the other steps in the administrative process would result in an issue exhaustion requirement at some steps of the process and not at subsequent steps.

The court is persuaded that the cases finding that no forfeiture occurs when the claimant fails to raise the Appointments Clause issue before the Social Security Administration are better reasoned in light of the Supreme Court's analysis in *Sims*.

The court finds that at the time the decision in this case was entered, November 1, 2017, the ALJ who issued the decision under review was not appropriately appointed under the Appointments Clause of the Constitution. The court further finds that Plaintiff did not forfeit the Appointments Clause claim by failing to raise that issue before the Social Security Administration. As a result, the ALJ's decision is REVERSED and the case is REMANDED to the Commissioner for further proceedings before a different constitutionally appointed ALJ.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. However, at the time the decision in this case was entered, November 1, 2017, the ALJ who issued the decision under review was not appropriately appointed under the Appointments Clause of the Constitution for that reason, the ALJ's decision is REVERSED and the case is REMANDED to the Commissioner for further proceedings before a different constitutionally appointed ALJ.

SO ORDERED this 8th day of May, 2020.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE